UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIGEL FREDRICKS,<br><br>                                Petitioner,<br><br>             -against-<br><br>V.C.B.C.,<br><br>                                Respondent. | 21-CV-8586 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner Nigel Fredricks, who is proceeding *pro se*, originally filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in this action on October 18, 2021. Because Petitioner was challenging his pretrial detention on pending criminal charges, and not challenging his custody pursuant to a state court judgment, by order dated December 6, 2021, the Court informed Petitioner of its intent to construe the petition as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2441, and granted Petitioner leave to amend his Section 2241 petition to identify all grounds on which he sought relief, and plead facts showing that he had fully exhausted his claims by presenting all grounds for relief to the state courts. (ECF 6.) That order further stated that if Petitioner did not file an amended Section 2241 petition, the Court would dismiss the Section 2254 petition without prejudice because Petitioner was not seeking relief from a state court judgment. (*Id.*)

       The Court granted Petitioner two extensions of time to file his amended petition (ECF 10, 12.) Petitioner did not file an amended petition, and by order dated March 22, 2022, the Court denied Petitioner's Section 2254 petition without prejudice because Petitioner was not challenging his custody pursuant to a state court judgment. (ECF 13.) Judgment was entered on the same day. (ECF 14.)

On May 11, 2022, the Court received from Petitioner a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, in which Petitioner challenges his March 7, 2022, New York County judgment of conviction. (ECF 16.) Because Petitioner included this docket number in the caption of his petition, the Clerk of Court opened the petition as a second amended Section 2254 petition in this action, 21-CV-8586 (LTS).

Because this action is closed, and because Petitioner seeks to challenge a new state court conviction, this new Section 2254 petition should have been filed as a new civil action. Accordingly, the Clerk of Court is directed to open a new civil action and docket the second amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in this action (ECF 16) as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the new civil action. The Clerk of Court is further directed to docket a copy of this order in the new civil action.

## CONCLUSION

The Court directs the Clerk of Court to open a new civil action and docket the second amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in this action (ECF 16) as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the new civil action. The Clerk of Court is further directed to docket a copy of this order in the new civil action.

This action, 22-CV-8586 (LTS), remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 13, 2022
             New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge